**UNITED STATES, Appellee,**

v.

**Specialist Four Tracy A. SADLER, SSN
412–11–8374, United States
Army, Appellant.**

**CM 443033.**

U.S. Army Court of Military Review.

26 Aug. 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Robert W. Wiechering, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Judge:

In accordance with his pleas, the appellant was convicted of three specifications of possession of .81 grams, 1.85 grams, and .28 grams of methamphetamine respectively, one specification each of transfer and sale of methamphetamine, and one specification of possession of marijuana. The convening authority approved the adjudged sentence of reduction to Private E–1, forfeiture of all pay and allowances, confinement at hard labor for one year and a bad-conduct discharge.

On appeal appellant contends he was denied his right to effective assistance of counsel during the sentencing portion of his trial. We agree, finding that under the facts of this case, trial defense counsel's performance during the sentencing portion of the trial fell below that standard expected of a defense attorney.

During the sentencing hearing, the trial counsel called Special Agent (SA) Mize who directed the undercover law enforcement effort in regard to appellant. In cross-examination, SA Mize acknowledged that appellant fully cooperated with him following his apprehension and provided information that led to the apprehension of several suspected "dealers," including one servicemember and several Korean nationals, the seizure of an illegal drug lab and over $366,000 worth of methamphetamines.

Appellant's service record introduced at trial reveals that he served over two and one-half years of active duty without a prior conviction or nonjudicial punishment.

The defense did not present any evidence in extenuation or mitigation. Nor did appellant make either a sworn or unsworn statement. After the trial counsel argued for a specific sentence which included 12 months of confinement at hard labor and a bad-conduct discharge, Captain (CPT) L.,

the trial defense counsel, declined to make any argument as to an appropriate sentence on behalf of his client.

■ In support of his allegation of ineffective assistance of counsel, appellant filed a post-trial affidavit.* He avers that he informed CPT L. that several members of his chain of command were willing to testify as to his good character and duty performance, to include his company commander and first sergeant. To support this contention, appellant filed affidavits executed by former supervisors who averred that they would have testified on appellant's behalf as to his duty performance and potential for retention in the service, but that they were not called by the defense counsel to testify.

In an unsworn "affidavit" executed by the trial defense counsel, CPT L. admitted being informed by appellant prior to trial that four servicemembers, to include appellant's company commander, were willing to testify as "to his outstanding potential" and his retainability in the Army. CPT L. interviewed the commander and determined that his testimony comported with appellant's representation. CPT L. declined to interview the other servicemembers, choosing to accept appellant's representation as to their expected testimony. CPT L. stated that he intentionally chose not to call these witnesses at trial because:

> the judge would certainly have found their testimony unbelievable. My objective was to appease the judge, not infuriate him, and thereby try to 'beat the deal' by showing how the accused had cooperated with the government and had saved the government time, expense and effort.

It is our opinion that these reasons, standing alone, are insufficient for not making an argument on sentence on behalf of appellant, or presenting available favorable character and duty performance testimony on appellant's behalf. Under these circumstances, the trial defense counsel's conduct during sentencing constitutes ineffective assistance of counsel. In our adversary system, it is the affirmative duty of defense counsel to present matters in extenuation and mitigation, to thoroughly advise the accused as to his allocution rights, and to argue for an appropriate sentence, in order to assist the court in reaching a sentence that is just. The purposeful refusal to present such evidence when it exists and is available for no sound tactical reason casts the accused in a very unfavorable light. In this case, CPT L's admitted refusal to call appellant's company commander and other members of his chain of command as witnesses concerning his good soldierly character and potential for retention, and his failure to argue, constitutes an abrogation of the defense function during sentencing. "The defense attorney should recognize that the sentencing stage is the time at which for many defendants the most important service of the entire proceeding can be performed." *United States v. Green,* 680 F.2d 183, 188 (D.C.Cir.1982) (*quoting* American Bar Association Project on Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 5.3(e). *See also United States v. Pinkney,* 543 F.2d 908, 914 (D.C. Cir.1976).

We do not suggest that in every case during sentencing defense counsel should call character witnesses, nor even that counsel must argue. There may be sound reasons for not doing so. Certainly, the existence of character witnesses which the government could call in rebuttal to defense testimony will cause the prudent counsel to carefully narrow the scope of his questions on direct, or decline to call any witnesses at all. And some accuseds wisely decline to make any statement to the court, either sworn or unsworn, upon advice of counsel. Consequently, effectiveness of counsel can never be analyzed in the abstract, but only within the factual setting which confronts the counsel. *United States v. Katz,* 425 F.2d 928, 930 (2d Cir.1970).

---

\* Matters outside the record may be considered where the question of effectiveness of counsel is concerned. *United States v. Davis,* 3 M.J. 430, 431 n. 1 (C.M.A.1977).

984

In this case CPT L's inertia was not based upon sound tactical considerations. There is no suggestion that the government could call witnesses in rebuttal. The fact that appellant's entire chain of command at the company level was ready and available to testify on his behalf suggests otherwise. CPT L's stated intent to "appease" the military judge and not to "infuriate him" does not justify nor rationally explain his inaction regarding a critical aspect of the defense case.

In *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982), the Court of Military Appeals adopted the general guidelines set forth in *United States v. DeCoster,* 624 F.2d 196 (D.C.Cir.1976), in regard to a claim of ineffective assistance of counsel. In accordance with those guidelines, an appellant must demonstrate: "(1) 'serious incompetency' on the part of his attorney; and (2) that such inadequacy affected the trial result." *United States v. Jefferson, supra* at 5.

CPT L's inactivity during the sentencing phase of appellant's court-martial fell below the performance ordinarily expected of fallible lawyers. And we find a strong likelihood that his inadequacy seriously affected the sentence adjudged.

We have considered the remaining assignment of error and find it to be without merit.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge BADAMI concurs.

Senior Judge CLARKE did not participate.