UNITED STATES, Appellee,

v.

Private (E–2) Fredrick K. JONES, SSN 508–94–9652, United States Army, Appellant.

SPCM 19688.

U.S. Army Court of Military Review.

31 July 1984.

**714**

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel William P. Heaston, JAGC, Captain Kenneth G. Gale, JAGC, and Captain Harry L. Williams, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John F. Burnette, JAGC, were on the pleadings for appellee.

Before MARDEN, RABY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Judge:

Appellant was convicted contrary to his pleas of larceny of a parcel of U.S. mail and of making a false oath, in violation of Article 121 and Article 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982), respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $382.00 pay per month for six months and reduction to Private E–1. The convening authority approved the findings and the adjudged sentence.

Appellant asserts that he was deprived of effective assistance of his military defense counsel; that trial counsel's argument on sentence impermissibly included comments regarding appellant's exercise of his right against self-incrimination; and, that trial counsel's argument on sentence also improperly contained references to the appellant's exercise of his right against compulsory self-incrimination. We will discuss these assignments of error *seriatim.*

I.

Review of the record shows that following the entry of the not guilty pleas in behalf of his client and except for a vigorous sentencing argument, defense counsel's participation in his client's behalf was virtually nonexistent. However, review of the record of trial and trial defense counsel's affidavit reveals a preplanned defense strategy. Basically, the appellant who was facing a strong government case knowingly and voluntarily elected to plead not guilty and, thus, placed the burden of proof on the government in hope that an inexperienced trial counsel somehow would fail to meet the prosecutorial burden. By not actively resisting the government during the merits of the case, the defense remained free to argue in the event of conviction that the appellant was contrite and had, in effect, pled guilty. In fact, the first words uttered by the trial defense counsel in argument on sentence, informed the court that the appellant "has essentially pled guilty to these offenses."

Reviewing courts normally should not be quick to second-guess the strategic or tactical decision of trial defense counsel. *See United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). This is particularly true when the strategy used and tactics employed are not on their face unreasonable or unworkable. In this case, in view of the posture of the government's evidence and defense counsel's past trial experience within the command, the strategy and trial tactics used were reasonable and could have been very effective. Whether it was

the only manner or the best manner in which to defend the case is not the question. Issues of professional competency and adequacy of representation are not inextricably bound to trial results. In *United States v. Jefferson*, 13 M.J. 1 (C.M.A. 1982), the Court of Military Appeals held that in order to demonstrate ineffectiveness of counsel, two requirements had to be met. *First*, an accused must demonstrate serious incompetency on the part of his counsel; and, second, an accused must establish that such inadequacy affected the trial results. Appellant has not fulfilled either requirement under the facts of this case.

## II.

■ Appellant's allegation of trial counsel's improper argument on findings is without merit. The record does not support appellant's claim. The remarks of trial counsel do not constitute a reference to appellant's personal exercise of his right against self-incrimination.

■ Assuming *arguendo* the general remarks of trial counsel should be construed as alleged by appellant, any resulting error would be harmless as the posture of the government's evidence precludes beyond a reasonable doubt any prejudice to the appellant. *See United States v. Ward*, 1 M.J. 176 (C.M.A.1975).

## III.

■ The effect of trial counsel's argument on sentence is completely different. The tone and repetition of these remarks created a fair risk of prejudice to appellant. This error can be cured, however, by reassessment of the sentence. *See United States v. Shows*, 5 M.J. 892 (A.F.C.M.R. 1978), *aff'd* 11 M.J. 88 (C.M.A.1981).

Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for bad-conduct discharge, confinement at hard labor for six months, and reduction to Private E-1. The findings of guilty are affirmed.

Senior Judge MARDEN and Judge COHEN concur.