UNITED STATES, Appellee,

v.

Private First Class Christopher L.
HOWES, 546–63–2442, United
States Army, Appellant.

SPCM 20963.

U.S. Army Court of Military Review.

29 May 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC (argued); Captain Rita R. Carroll, JAGC, Captain H. Alan Pell, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Rehyansky, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain John J. Park, Jr., JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted, pursuant to his plea, of possession of marijuana with intent to distribute in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982).[1] During sentencing proceedings, the defense produced three witnesses who described appellant's duty perform-ance and recommended that he be retained in the service. During cross-examination, the trial counsel asked two of these witnesses if they were aware that appellant had previously been enrolled in the Army's Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). The trial defense counsel did not object, in either case, to this line of questioning.

Appellant then made an unsworn statement, during which the following exchange occurred:

Q. Have you ever been in trouble before?

A. No, I haven't, sir.

Q. In the civilian world?

A. No, I haven't, sir.

Q. What's the most serious problem you've had in the civilian world?

A. One parking ticket, sir.

In rebuttal to appellant's sentencing evidence, the trial counsel called appellant's company commander, who testified that appellant had undergone treatment in the ADAPCP and had been declared a rehabilitative success prior to the possession offense. Again, the trial defense counsel made no objection. Finally, the trial counsel, in closing argument, drew the court's attention to the fact that appellant had previously been declared a rehabilitative success in the ADAPCP program. Again, the trial defense counsel did not object.

Before us, appellant argues that Army Regulation 600–85 [hereinafter AR 600–85] has established a broad exclusionary privilege which is automatically in effect unless specifically waived by the accused, citing *United States v. Cottle*, 11 M.J. 572 (A.F.C. M.R.1981), *aff'd*, 14 M.J. 260 (C.M.A.1982), and *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.M.R.1980), *aff'd*, 14 M.J. 124 (C.M.A.1982). Appellant also contends that the plain error rule precludes application of the waiver doctrine, citing *United States v. Dyke*, 16 M.J. 426 (C.M.A.1983),

---

1. His adjudged sentence to a bad-conduct discharge, confinement for 45 days, forfeiture of $397.00 pay per month for two months, and reduction to the grade of Private E-1 was approved by the convening authority.

and *United States v. Strong*, 17 M.J. 263, 267 (C.M.A.1984) (Everett, C.J., dissenting).

■ In response, the government argues that appellant waived any error by his silence at trial, citing *United States v. Snakenberg*, S.P.C.M. 21895 (A.C.M.R. 7 Feb. 1986) (unpub.). The government also argues that, in any event, the trial counsel was entitled to use otherwise inadmissible evidence to rebut the misleading impression, created by the accused, that he was a first-time offender, citing *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980), and *United States v. Strong, supra.*[2]

We find that the trial defense counsel's failure to object to the trial counsel's use of the ADAPCP information constituted ineffective assistance of counsel and that appellant was materially prejudiced as a result. Accordingly, the government's waiver argument is irrelevant and appellant's sentence will be set aside.

■ The standard by which the trial defense counsel's actions in this case must be tested was enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This two-pronged test requires, first, that the appellant must demonstrate a breach of professional competence and, second, that the breach of competence must be coupled with a showing of a reasonable probability of outcome-determinative prejudice. *Id.* at 687, 104 S.Ct. at 2064. The leading military decisions, *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982), and *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977), are congruent with the Supreme Court's formulation. *United States v. Davis*, 20 M.J. 1015 (A.C.M.R. 1985).

In *Rivas*, a defense counsel failed to move to strike the testimony of a witness who, on cross-examination, invoked his privilege against self-incrimination. The

United States Court of Military Appeals held that "where inaction occurs at a critical point where action is compelled by the situation—where, in other words, defense counsel remains silent where there is no realistic strategic or tactical decision to *make* but to speak up—then the accused has been denied [effective assistance of counsel]." 3 M.J. at 289 (emphasis therein). Based on a determination that the trial judge would have been required to grant a motion to strike the testimony, the court found inadequate representation by the defense counsel. *Id.* at 286–87, 289. Applying the same logic to the case at bar, satisfaction of the first *Strickland* prong hinges on whether a valid objection could have been lodged against receipt of the ADAPCP information. We hold that it could have been since appellant was entitled to have the government abide by the provisions of its own regulations prohibiting disclosure of ADAPCP information.

Army Regulation 600–85 prescribes the policies and procedures needed to implement and operate the ADAPCP. This prevention and control program was developed within the Army[3] pursuant to a congressional mandate designed to combat a national drug problem. The statute, 21 U.S.C. § 1175, transferred by Pub.L. 98–24, § 2(b)(16)(B), 97 Stat. 182, (April 26, 1983) to 42 U.S.C. § 290ee–3(a), provides, in pertinent part that:

> Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted ... by any department or agency of the United States shall ... be confidential and be disclosed only for the purposes and under the circumstances expressly authorized [hereunder].

The clear language of the statute demonstrates Congress' concern that ADAPCP-type records and information be kept confi-

---

2. This argument is easily disposed of. It was the trial counsel, not appellant, who first brought the issue of appellant's prior drug abuse before the court.

3. The Secretary of Defense directed each service to establish similar drug abuse prevention and control programs. *See* para. 1–3, AR 600–85.

dential. The legislative history of the statute buttresses that conclusion. Congress intended a nationwide campaign against drugs, with primary emphasis on treatment, rehabilitation, research, education, and training. *See* H.Rep. No. 775, 92d Congress, *reprinted in* 1972 U.S. Code Cong. & Ad. News 2045, 2067–72. Congress relied on the confidentiality provisions of section 290ee–3 to facilitate participation and effective treatment in drug abuse prevention programs. In fact, the House and Senate conferees specifically stated their intent:

> The conferees wish to stress their conviction that the strictest adherence to the provisions of [the confidentiality provisions] is absolutely essential to the success of all drug abuse prevention programs. Every patient and former patient must be assured that his right to privacy will be protected. ...
>
> ... Records are not to be made available to investigators for the purpose of law enforcement or for any other private or public purpose or in any manner not specified in this section.

H.Rep. No. 920, 1972 U.S. Code Cong. & Ad. News at 2072.

 Army Regulation 600–85 echoes this emphasis of the protection of confidentiality. Paragraph 6–1a of the regulation specifically states an intent to protect the privacy and confidences of the ADAPCP client. Paragraphs 6–2, 6–3, and 6–4 provide for an exemption, or immunity, whereby information obtained through the program may not, with certain exceptions, be used to subject a client to disciplinary ac-

tion. Paragraph 6–4 precludes use of information concerning a soldier's participation in the ADAPCP, whether obtained directly or *indirectly*. Exemption is automatic; it is not granted and cannot be vacated or withdrawn. Paragraph 6–4d, AR 600–85. The regulation applies not only to those persons who are responsible for client records, but also to individuals who have knowledge of the information contained in such records. Paragraph 6–8, AR 600–85. Finally, the regulation specifies that any disclosure must be made in accordance with rules promulgated pursuant to the federal statute. Paragraph 6–9, AR 600–85; *see also* 42 CFR § 2 (1985). None of these procedures were followed and the disclosure of the ADAPCP information pertaining to appellant fell within none of the exceptions authorized by the statute[4] or the regulation.

"[A] government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests." *United States v. Russo*, 1 M.J. 134 (C.M.A.1975); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). As we have seen, the confidentiality provisions of AR 600–85 were included for the purpose of protecting the privacy interests of participants. Appellant was therefore entitled to enforce compliance by the agents of the government, such as the trial counsel and his company commander, who had knowledge of appellant's participation in the program.[5]

---

4. *See* 42 U.S.C. §§ 290ee–3(b)(2), 290ee–3(c).

5. Section V of the Military Rules of Evidence addresses privileges recognized in military practice. (Additional privileges are set out in Military Rules of Evidence 301, 302, and 303.) Rule 501, the general rule, limits privileges in military practice to those provided for in the Constitution, in certain federal statutes, in the rules themselves, in the Manual for Courts-Martial, or in the federal common law "insofar as ... practicable and not contrary to or inconsistent with the [Uniform Code of Military Justice], these rules, or this Manual." With regard to the last category, the drafters of the rules were quick to point out that a doctor-patient privilege was

inconsistent with military practice. *See* Analysis of Rules of Evidence, Manual for Courts-Martial, United States, 1984, at A22–30, 31. However, this condemnation concerned only a privilege bottomed on federal common law. The rule specifically provides that a soldier may claim a privilege provided for by "[a]n Act of Congress applicable to trials by courts-martial." Mil.R.Evid. 501(a)(2). Section 290ee–3 has been held to create a physician-patient privilege. *United States v. Banks*, 520 F.2d 627, 632 n.7 (7th Cir.1975) (physician would be precluded from testifying about defendant's participation in rehabilitation program because such information was privileged under federal regula-

■ Thus, appellant had a valid objection to the use of the ADAPCP information. We, of course, will not second-guess strategic or tactical decisions made by trial defense counsel. *See United States v. Rivas, supra; United States v. Jones,* 18 M.J. 713 (A.C.M.R.1984). In the case before us, however, there were no possible strategic or tactical reasons for trial defense counsel not to object to the ADAPCP information. Defense counsel's inaction, therefore, fell below the minimum acceptable level of representation. *United States v. Rivas, supra.*

■ Applying *Strickland's* second prong, we find a reasonable probability that appellant's sentence was prejudicially affected by trial counsel's improper use of the ADAPCP information. Appellant was charged and convicted of one specification of possession of marijuana with intent to distribute. The trial counsel's improper use of the ADAPCP information, however, not only painted appellant as a "two-time loser," but as one who was devoid of rehabilitative potential.

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority. If the convening authority determines that a rehearing on the sentence is impracticable, he may take an action approving no sentence.

Judge FELDER and Judge NAUGHTON concur.

tions); *United States v. Hopper,* 440 F.Supp. 1208, 1209 (N.D.Ill.1977) (defendant asserted "the physician-patient privilege enunciated in 21 U.S.C. § 1175"). In view of the enforceability of the regulatory prohibition against disclosure, we need not decide whether section 290ee–3 is "[a]n Act of Congress applicable to trials by Court-Martial." For the same reason, we also need not decide the issues addressed in *Armenta v. Superior Court,* 61 Cal.App.3d 584, 132 Cal.Rptr. 586 (1976), or whether the Secretary of the Army has the authority to alter the rules of evidence applicable to courts-martial, by creating a privilege.