UNITED STATES, Appellee,

v.

**Specialist Four David J. JOHNSON, 579–88–7422, United States Army, Appellant.**

**ACMR 8601226.**

U.S. Army Court of Military Review.

24 Sept. 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before COKER, CARMICHAEL and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Pursuant to his plea, appellant was convicted by a military judge sitting as a general court-martial of one specification of possessing with intent to distribute approximately 54 dosage units of lysergic acid diethylamide (LSD), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp I 1983) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority approved the sentence.

Appellant asserts the military judge erred by allowing testimony about appel-

**518**

lant's participation in the Army's Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). We disagree.

During the sentencing phase of the trial, the only witness called by the trial counsel was appellant's company commander. At the time this witness testified, a prior punishment received by appellant under the provisions of Article 15, UCMJ, had been admitted into evidence. The misconduct resulting in the punishment had been wrongful use of some marijuana. The witness, after testifying that he did not want appellant back in his company, responded to the following question by trial counsel.

TC: After [the accused's] first drug involvement, when he received the Article 15, were any attempts made at rehabilitation or treatment?

A: Yes, he was—I command referred him over to the [drug and alcohol] program, and he—I got a letter a couple of [months] later saying that he failed to meet appointments. The first time that happened was because he was [on special duty] out of the company. Then we again put him into the program and there were some problems meeting the appointments. As a matter of fact after this incident happened I received a letter, you know, from the lady saying that he failed to make all his appointments and that he was considered a rehab failure.

The defense counsel did not object to this testimony, nor did he interpose an objection when trial counsel, in her argument on sentence, referred to the testimony in characterizing appellant as having no potential for rehabilitation.

First, we note that the "Limited Use Policy" was in effect at the time of appellant's trial. Army Regulation 600-85, Alcohol and Drug Abuse Prevention and Control Program, paras. 6-2 through 6-4 (1

December 1981) (IO2, 11 Feb. 1983) [hereinafter AR 600-85].

Second, we conclude that it is the section of AR 600-85 promulgating the limited use policy, rather than the section pertaining to the release of personal client information, which applies to the instant case.

■■■ Third, under these facts, we find that the challenged testimony of appellant's company commander was neither privileged nor within the evidentiary prohibitions of the limited use policy. AR 600-85, para 6-3 (IO2, 1983). Further, since it did not involve the disclosure of appellant's records as a patient, the testimony was not prohibited by 42 U.S.C. §§ 290dd-3, 290ee-3 (Supp. I 1983), which state the circumstances permitting disclosure of patient records and the information therein.[1]

■■■ Fourth, we find the Army's limited use policy to be consistent with both Federal law and Department of Defense policy with regard to the identification and treatment of drug and alcohol dependent persons in the Armed Forces.[2]

■■■ Fifth and lastly, we are satisfied that the testimony elicited from appellant's company commander was properly before the military judge as sentencing authority, since it was relevant to appellant's rehabilitative potential. Manual for CourtsMartial, United States, 1984, Rule for Courts-Martial 1001(b)(5).

Thus, we hold the limited use policy promulgated by AR 600-85 did not prohibit the government from introducing evidence that appellant was command-referred to the ADAPCP after receiving nonjudicial punishment for use of marijuana, nor of his subsequent failure to complete the program because of missing appointments. Since we find this assertion to be without merit, there is no need to address the remaining assignment of error. It is inex-

1. We note that the statute's protection against disclosure is expressly limited to disclosure of "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient" in substance abuse programs. 42 U.S.C. §§ 290dd-3(a), 290ee-3(a). Also, the protections do not apply to the "interchange of records" within the Armed Forces. 42 U.S.C. §§ 290dd-3(e), 290ee-3(e).

2. The limited use policy replaced the Army's "exemption" policy and has been incorporated in the most recent revision of AR 600-85. *See* AR 600-85, paras. 6-3 through 6-5 (3 November 1986).

tricably bound to the meritless assertion and has no viability as a separate issue.

 However, assuming *arguendo* that the trial defense counsel erred by not timely objecting to the ADAPCP testimony, the remaining assignment of error still is without merit. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("If it is easier to dispose of an ineffectiveness [of counsel] claim on the ground of lack of sufficient prejudice, ... that course should be followed."). Appellant, in our opinion, suffered no prejudice during the sentencing proceedings as the sentence he received was more lenient than the one he had agreed to as part of his offer to plead guilty. *See United States v. Scantland,* 14 M.J. 531, 533 (A.C.M.R.), *petition denied,* 14 M.J. 449 (C.M.A.1982) (accused's own sentence proposal is a reasonable indication of its probable fairness to him).

Although mindful of this court's decision in *United States v. Howes,* 22 M.J. 704 (A.C.M.R.1986), we are satisfied it is distinguishable from the case at bar. That decision appears to have been based on an earlier version of AR 600–85 which prescribed the Department of the Army's exemption policy. As we noted earlier, at the time of appellant's trial the exemption policy was no longer in effect, having been replaced by one of limited use. Consequently, it is through our interpretation of the latter policy, not the former, that we have reached our decision.

The findings of guilty and the sentence are affirmed.

Senior Judge COKER and Judge KENNETT concur.