**UNITED STATES, Appellee,**

v.

**Staff Sergeant Florentino R. PATTUGA-LAN, Jr., 546–31–3312, United States Army, Appellant.**

**ACMR 8601243.**

U.S. Army Court of Military Review.

10 June 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

OPINION OF THE COURT

KANE, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of three specifications of carnal knowledge and one specification of false swearing, violations of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1982). The convening authority approved his sentence to a bad-conduct discharge, confinement for fifteen years, and reduction to the grade of Private E–1.

Appellant alleges three errors, only one of which warrants discussion. Appellant alleges that his sentence should be set aside and a sentence rehearing ordered because he received ineffective assistance of counsel during the sentencing portion of his court-martial.

I

During the sentencing portion of appellant's trial, the only evidence offered in extenuation and mitigation was the unsworn statement of appellant. No other evidence, either documentary or testimonial, was offered. By affidavit, appellant avers that he told his defense counsel of two witnesses who wanted to testify in his behalf at sentencing regarding his good duty performance and potential for rehabilitation. Appellant recalls that defense counsel told him that "he had spoken to [the witnesses] but that he was not calling them as witnesses" because "there was insufficient time to call them" and because the defense counsel "did not think that we needed them." Appellant also avers that his defense counsel had failed to obtain documentary evidence from appellant's "201 file" as promised. Appellant has offered and this court has accepted as an appellate exhibit, the affidavit of one of the witnesses. This affiant states in part, that the defense counsel "never asked [him] about [appellant's] duty performance nor

did he ask me to testify at [appellant's] trial." Appellant argues that this potential witness was never interviewed by his defense counsel.

Defense counsel, in an affidavit before this court as an appellate exhibit, responds with the assertion that he did in fact interview the two witnesses and that his decision not to offer their testimony was a tactical decision premised upon the credibility and appearance of the witnesses, their vulnerability to impeachment, and the relatively short period of time (five months) that they had known the appellant. Defense counsel indicates that he perceived a danger of their transformation from defense witnesses into prosecution witnesses. Defense counsel also states that appellant did supply him with favorable documentary evidence, but that he had decided not to submit the evidence "considering the probable impact of any such evidence on that particular court-martial" in light of the offenses of which appellant had been convicted.

## II

At the outset, this court notes somewhat contradictory precedent on the issue of effective assistance of counsel during the sentencing proceedings. In *United States v. Sadler,* this court set aside the sentence of an accused whose defense counsel declined to present favorable testimony because he felt that such evidence would "infuriate" the military judge and because he had an alternate theory of extenuation and mitigation. *United States v. Sadler,* 16 M.J. 982, 983 (A.C.M.R.1983). In *Sadler,* this court found that the refusal of defense counsel was without sound tactical reason.

In *United States v. Stephens,* a case where the defense counsel "failed" to present evidence in extenuation and mitigation, this court declined to second-guess the tactical decision of defense counsel because counsel *"might"* reasonably have expected unfavorable rebuttal evidence to outweigh the available evidence in extenuation and mitigation. *United States v. Stephens,* 21 M.J. 784, 785 (A.C.M.R.1986). The court nevertheless declined to speculate as to the

tactical basis for the omission and found that counsel's inaction was permitted by the possibility of a tactical basis.

In the case *sub judice,* defense counsel's rationale for his decision is now a matter of record; therefore, this court will review counsel's reason for declining to present the evidence as we did in *Sadler.* Applying the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find that appellant was not denied effective assistance of counsel.

## III

First, with regard to appellant's assertion that his defense counsel failed to properly investigate potential witnesses in extenuation and mitigation, this court finds that appellant's defense counsel did in fact interview the witnesses. The only basis for appellant's assertion that his counsel did not is a statement by the prospective witness that the defense counsel never asked him either about appellant's duty performance or to testify at trial. This statement does not, however, justify an inference that defense counsel failed to interview the witness; it only suggests that the defense counsel did not, in the opinion of the witness, ask the "right" questions at the time the defense counsel interviewed the witness. This inference is consistent with the sworn affidavit of counsel that he did in fact interview this witness. In making this finding we also rely in part on the diligence demonstrated by counsel on the record in obtaining favorable stipulations of expected testimony from witnesses located in San Francisco, California, and in securing the testimony at trial of witnesses from Seattle, Washington.

With regard to counsel's failure to present documentary and testimonial evidence during the sentencing proceeding, we do not find that the actions of defense counsel (or inaction) in this case fell below the standard of performance ordinarily expected of fallible lawyers. *Cf. United States v. DiCupe,* 21 M.J. 440 (C.M.A. 1986). In so finding, this court notes that the omission of the testimonial evidence

was premised upon defense counsel's evaluation of the prospective witnesses and assessment of potentially damaging testimony which might have been elicited from these witnesses on cross-examination; consequently, this omission is not one whose tactical soundness escapes us. *See United States v. Rich*, 26 M.J. 518, 521 (A.C.M.R. 1988). We find that counsel's failure to present the witnesses was not unreasonable under prevailing professional norms. *See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Not so clear is defense counsel's decision not to present favorable documentary evidence. Defense counsel's affidavit suggests that defense counsel felt that the forms 2a and 2-1 from the appellant's personnel records were sufficient to familiarize the sentencing authority with appellant's service record and that the documents supplied by the accused would have little impact. Reviewing this document, we note that appellant's highest award during his thirteen years of service was the Good Conduct Medal. In light of the presumption of effective assistance of counsel, appellant's undistinguished career, and counsel's demonstrated diligence of record, this court cannot say that defense counsel's decision was an error so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064.

## IV

Applying the second prong of the *Strickland* test, we test for prejudice and find none. We note that the sole basis from which to determine the presence of prejudice is the lone affidavit of but one of the two witnesses. In testing for prejudice, this court will, however, assume that the testimony of the remaining witness would have been of the same tenor as the affidavit before this court and consider the cumulative effect. The "omitted" evidence, had it been heard by the sentencing authority, indicated simply that appellant displayed initiative, was always on time for work, was rated a 124 out of a possible 125 for his "above-average" duty performance during the five months preceding his conviction, expressed genuine interest in the welfare of the six soldiers who worked for him, and set a good example by the way he wore his uniform.

The witness did not use a single superlative to describe appellant's character or performance and none of the "accolades" appear to be anything more than performance which is expected of noncommissioned officers as a matter of routine. The government offered no evidence disparaging appellant's career. The quality of appellant's service was not the theme of closing argument by either party. In short, appellant's satisfactory service was not at issue. Under these circumstances, prejudice to the appellant, if any, was not so serious as to deprive the appellant of a fair and reliable sentencing proceeding. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064. None of the documentary evidence allegedly omitted is before this court; we decline to speculate as to the substance of this evidence.

We have considered the other errors raised, including the error personally asserted by the appellant, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge SMITH concur.