**UNITED STATES, Appellee,**

v.

**Sergeant Frank R. STEPHENSON, 180–52–6470, United States Army, Appellant.**

**ACMR 8801449.**

U.S. Army Court of Military Review.

27 Feb. 1990.

**552**

For Appellant: Major Marion E. Winter, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before MYERS, JOHNSON and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT

MYERS, Senior Judge:

Appellant was tried by a general court-martial composed of officer members of one specification of premeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1982) [hereinafter UCMJ or Code]. Contrary to his plea, however, he was convicted by exceptions of unpremeditated murder and was sentenced by the court to a dishonorable discharge, confinement for fifty years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged. Appellant asserts in this appeal that his civilian defense counsel, Mr. B, was ineffective, therefore appellant's sixth amendment right to counsel was denied.

Specifically, appellant complains that, on advice of his counsel, he waived the Article 32, UCMJ, investigation; that at trial Mr. B asked no questions on *voir dire*, challenged

no one, did not let appellant testify in his own behalf, presented no defense case, made only a short unsworn statement on appellant's behalf during the sentencing phase of the trial, and failed to submit any matters to the convening authority under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105. Appellant insists that he is innocent of the offense, that he consistently protested his innocence to Mr. B, but that the latter ignored him and insisted on defending on the basis of self-defense and accident. Appellant alleges that he wanted to call certain witnesses for extenuation and mitigation but that Mr. B failed to do so, and that he was "shocked" by Mr. B's failure to submit any matters in accordance with Rule for Courts–Martial 1105.

The standards by which the effectiveness of counsel is to be evaluated by appellate courts were set forth by the United States Supreme Court [hereinafter Court] in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There, the Court held that "[T]he Sixth Amendment right to counsel exists, ... in order to protect the fundamental right to a fair trial." *Id.* at 684, 104 S.Ct. at 2063. Merely because a person who happens to be a lawyer is present with the defendant in court is not sufficient. *Id.* at 685, 104 S.Ct. at 2063. "[T]he right to counsel is the right to the effective assistance of counsel." *Id.* at 686, 104 S.Ct. at 2063 (citation omitted). However, "the proper standard for attorney performance is that of *reasonably effective assistance*," *id.* at 687, 104 S.Ct. at 2064 (emphasis added), which envisions an objective standard of reasonableness "under prevailing professional norms." *Id.* at 688, 104 S.Ct. at 2065. Thus, in evaluating counsel's performance, an appellate court should recognize that "counsel is *strongly presumed* to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066 (emphasis added).

The Court pointed out that a defendant's claim of ineffective assistance of counsel has two components:

a. Defendant must show that counsel's performance was deficient, that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment."

b. Defendant must show that such errors prejudiced the defense to the extent that they deprived the defendant of a fair trial.

*Id.* at 687, 104 S.Ct. at 2064. Thus, a conviction may not be set aside even where counsel error was professionally unreasonable, so long as such error "had no effect on the judgment," *id.* at 691, 104 S.Ct. at 2066, and it is not sufficient that the error had some "conceivable" effect on the outcome of the case. *Id.* at 693, 104 S.Ct. at 2067. Stated another way, this standard is "whether there is a reasonable probability that, absent the errors, the factfinders would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068–69.[1]

■ It is not necessary to set forth a full exposition of the facts of this case. Suffice it to say that although this is one of the best-tried cases we have seen, the evidence of appellant's guilt is overwhelming. Appellant's assertion in his affidavit accompanying his assignment of errors before this court that his girlfriend is actually the one who stabbed the deceased is, to put it charitably, absurd. Mr. B made numerous and timely objections, conducted vigorous cross-examination of key prosecution witnesses, argued the defense position forcefully to the court, was successful in persuading the military judge to instruct on numerous lesser offenses, down to and including negligent homicide, and was successful in getting the instructions that he wanted on self-defense and accident. The evidence was presented clearly, logically, and methodically by the prosecution, which drew a circumstantial picture so damning to the appellant that Mr. B's only plausible trial strategy was to convince the court that appellant acted in self-defense or, in the alternative, that he stabbed the victim by accident, while simultaneously downplaying the aggravating circumstances of the crime. We hold, therefore, that Mr. B effectively represented the appellant during the trial on the merits.

Appellant also contends, however, that Mr. B ineffectively represented him during the sentencing phase of the trial and by waiving post-trial submissions to the convening authority under R.C.M. 1105.

■ It is undisputed that an accused person is entitled to the effective assistance of counsel in both the sentencing and post-trial phases of the case. *Strickland,* 466 U.S. at 668, 104 S.Ct. at 2052. *See also United States v. King,* 27 M.J. 664 (A.C.M. R.1988), *pet. granted,* 28 M.J. 340 (C.M.A. 1989) (accused has the right to effective assistance of counsel at every stage of adversary proceedings); *United States v. Pattugalan,* 26 M.J. 762 (A.C.M.R.1988), *pet. denied,* 28 M.J. 78 (C.M.A.1989) (accused not denied effective assistance of counsel on sentencing). *But see United States v. Sadler,* 16 M.J. 982 (A.C.M.R. 1983) (accused denied effective assistance of counsel on sentencing). The standards for effective assistance on the merits of a case and on sentencing are the same. *Strickland,* 466 U.S. at 668, 104 S.Ct. at 2052; *United States v. Howes,* 22 M.J. 704 (A.C.M.R.1986). Here, the only extenuation and mitigation evidence introduced by Mr. B during sentencing was an unsworn statement of the appellant comprising six lines in the record of trial. Appellant contends that he gave Mr. B the names of three extenuation and mitigation witnesses, one of whom was an officer who has known appellant all his life. Thereafter, Mr. B waived submission of matters to the convening authority under R.C.M. 1105, which appellant alleges was contrary to his requests and done without consulting him.

Mr. B submitted an extensive affidavit in response to appellant's allegations in which he stated, *inter alia,* that a "vast amount of derogatory information" existed and, as

1. The standards for effective assistance of counsel set forth in *Strickland* were specifically adopted by the Court of Military Appeals in

*United States v. Scott,* 24 M.J. 186 (C.M.A.1987) as being applicable to practice before courts-martial under the UCMJ.

a matter of trial tactics, he did not want to open the door to this information coming in by way of cross-examination or rebuttal. Regarding the lack of R.C.M. 1105 submissions, Mr. B stated that this was a decision concurred in by appellant because they "didn't think it would do any good."

It matters not what tactics we or some other attorney may have followed in defending this appellant at his trial. We are not privy to all the communications between appellant and Mr. B and do not know everything that Mr. B knew about appellant and the other people and circumstances connected with this tragic case. If we did, any of us may have followed the same path Mr. B took, indeed some of us may not have handled the case as effectively as he did. Had Mr. B taken the chance of opening the door to a "vast amount of derogatory information" simply for the sake of putting in some extenuation and mitigation evidence for the benefit of appellate reviewers, it could have been devastating to the appellant. It cannot be denied that fifty years in prison is a severe sentence, but it is less severe than life in prison, which the court-martial could just as easily have adjudged under the circumstances of this case. Thus, we must be very careful about substituting our judgment, considered in light of a written record studied at leisure well after the fact, for that of the defense counsel at trial who is on the scene in the courtroom where events rapidly transpire. "[W]e must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight." *United States v. Bono*, 26 M.J. 240, 242 (C.M.A.1988).

> Disagreements as to the strategic or tactical decisions made at the trial level by defense counsel will not support a claim of ineffective assistance of counsel so long as the challenged conduct has some *reasoned* basis. Appellate courts will not review the wisdom of a defense counsel's tactic unless it lacks a *plausible* basis.

*United States v. Mansfield*, 24 M.J. 611, 617 (A.F.C.M.R.1987) (emphasis in original). *See also Howes*, 22 M.J. at 704 (A.C.M.R. will not second-guess strategic or tactical

decisions made by trial defense counsel); *United States v. Kelley*, 19 M.J. 946 (A.C. M.R.), *pet. denied*, 21 M.J. 92 (C.M.A.1985) (perfect representation not required, and appellate court should not play Monday morning quarterback with decisions of trial defense counsel).

We hold that the trial defense counsel herein, Mr. B, met at least minimum standards of effectiveness in representing appellant during the trial on the merits, as we have already stated, during the sentencing phase of the trial, and during post-trial proceedings. Accordingly, the finding of guilty and the sentence are affirmed.

Judge JOHNSON and Judge NEURAUTER concur.