UNITED STATES, Appellee,

v.

Sergeant Rosemary D. TIPTON, 251–82–7872, United States Army, Appellant.

ACMR 9100149.

U.S. Army Court of Military Review.

29 May 1992.

For Appellant: Captain Teresa L. Norris, JAGC (argued); Captain Michael P. Moran, JAGC (on brief).

For Appellee: Major Kenneth T. Grant, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC (on brief).

Before GRAY, CREAN, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, contrary to her pleas, by a military judge sitting as a general court-martial of one specification of wrongful use of both marijuana and cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987). The convening authority approved the adjudged sentence of a bad-conduct discharge.

The appellant asserts as error that her trial defense counsel was ineffective because he did not present any defense at trial, especially the "good soldier defense."

The appellant tested positive for both marijuana and cocaine during a unit random urinalysis test. The government presented testimony on the conduct of the test from the unit Alcohol and Drug Noncommissioned officer who administered the test program, the lieutenant who was the appellant's test observer, and the major who was the overall test coordinator. These witnesses testified concerning the unit's normal practice in conducting urinalysis testing. They also testified, to the best of their recollection a year after the test, concerning the specifics of the appellant's test. The government also presented the testimony of the expert from the Air Force drug testing laboratory at Brook Air Force Base concerning the validity of the laboratory's testing procedures and the results of the tests on appellant's urine sample. The test results revealed twice the level of marijuana and 10 times the level of cocaine in the appellant's test sample than the Department of Defense standard for a positive result.

The trial defense counsel cross-examined the government's witnesses concerning their memory of the specifics of appellant's testing. During the findings portion of the trial, the defense presented no evidence. At the sentencing portion of the trial, the defense presented four witnesses who testified concerning the appellant's excellent military character.

The appellant, in an affidavit provided this Court, asserts that she informed her

trial defense counsel of her innocence of the charges and of her willingness to testify. She alleged that the trial defense counsel informed her that if she testified and asserted her innocence, it would make a mockery of the justice system since the government had overwhelming evidence of her guilt from the positive urinalysis results. She also alleged that the trial defense counsel never discussed with her the possibility of presenting the good soldier defense.

As can be expected, the affidavit of the trial defense counsel alleges just the opposite. He asserts that there were full discussions with his client and the defense tactic to present no evidence was adopted with the express consent of the appellant. The appellant told him that the positive urinalysis test must have resulted from passive inhalation at a party she attended about a month before the urinalysis test. The trial defense counsel states that he fully researched and investigated the test procedures and the laboratory results. The laboratory expert informed him that a one-month-old passive inhalation would not explain the high nanogram test results and that passive inhalation would not explain the positive cocaine results. He detected no evidentiary problem for the government to establish the validity of the urinalysis test and the laboratory procedures. The appellant decided not to testify in her own behalf because she would have to tell the fact-finder of her attendance at the party. He informed her that her only response to explain the positive test results would be that she did not know why the test results were positive for marijuana and cocaine.

The trial defense counsel also asserts that he discussed the "good soldier defense" with the appellant. He informed her that he was aware of her outstanding record, but that evidence alone was not sufficient for the military judge, who would try the case alone and be the fact-finder, to find her not guilty of the offense. He also indicated that he discussed all aspects of the trial and all options available fully with appellant. The appellant told him that she did not want to be sentenced to confinement. She chose to be tried by military judge alone and agreed with the trial tactical decision to present no evidence in the findings portion of the trial.

■ We find the trial defense counsel's affidavit more credible than the appellant's affidavit. The appellant's affidavit is merely conclusory and does not explain her purported defense for the positive test results for both marijuana and cocaine. The trial defense counsel's affidavit does not deny that the appellant asserted her innocence. It outlines his pretrial investigation of the facts to disprove both the positive test results, as well as the viability of the passive inhalation explanation for the positive test results. His affidavit details the rationale for his strategic and tactical decisions at trial. It also admits that he knew of appellant's outstanding military record and the witnesses that would testify on her behalf. It is not unreasonable to believe that he would explain to her the strong scientific evidence that could be presented to rebut her story of passive inhalation. It is also not unreasonable to believe that she would now allege that she was not informed of the facts of her counsel nor allowed to make tactical and strategic decisions. His explanation is complete, logical, and believable, while hers is incomplete and merely self-serving.

■ The standard for measuring claims of ineffectiveness of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard has been adopted for court-martial. *United States v. Scott*, 24 M.J. 186 (C.M.A.1987). Under *Strickland*, the appellant must first show that her defense counsel's performance was deficient, and second, the deficient performance prejudiced the defense so as to deprive the appellant of a fair trial. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Scott*, 24 M.J. at 188 (C.M.A.1987). Reviewing courts will not second-guess a counsel's action unless there is no realistic or tactical basis for it. *United States v. Rivas*, 3 M.J. 282 (C.M.A.

1977). We hold that the trial defense counsel provided the appellant with adequate defense representation.

■ There is no doubt that evidence of an accused's good character is admissible and may be sufficient, in and of itself, to create a reasonable doubt as to the guilt of the accused. *See Edgington v. United States,* 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896); *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Court,* 24 M.J. 11 (C.M.A.1987); *United States v. Wilson,* 28 M.J. 48 (C.M.A.1989); Manual for Courts–Martial, United States, 1984, Military Rules of Evidence 404(a)(1). In the military, evidence of good military character and efficiency is admissible to negate alleged drug use. *United States v. Vandelinder,* 20 M.J. 41 (C.M.A.1985). In fact, it may be the only available defense.

■ The evidence against the appellant was substantial, if not overwhelming. The testing and laboratory procedures had little, if any, holes for attack. The high nanogram level of the results was consistent with active rather than passive inhalation. The appellant did not want to testify, and without her testimony as to the possibility of innocent ingestion of both marijuana and cocaine, the good soldier defense, standing by itself, was basically meaningless. The appellant's ultimate objective was not to be sentenced to confinement. Under these facts and circumstances, it was not unreasonable for the defense counsel, as a matter of trial tactics, to save the evidence of good military character until the sentencing phase of the trial. Accordingly, we find that the trial defense counsel's trial tactic was reasonable and proper and that his performance met the standards of *Strickland* and *Scott.*

This case is distinguishable from the factual circumstances in *United States v. Sadler,* 16 M.J. 982 (A.C.M.R.1983). In that case, the trial defense counsel presented no evidence as to his client's good character and potential for further military service, even though such evidence was readily available, because his objective "was to appease the judge, not infuriate him, and thereby try to 'beat the deal.'" This Court determined that the defense counsel was ineffective because there were no sound reasons or tactical considerations for presenting no defense during the sentencing phase of the trial.

In this case, there were sound reasons and tactical considerations for not presenting the good soldier defense on the merits of the case, but holding that evidence until the sentencing portion of the trial. The good soldier evidence would not negate the substantial evidence of the validity of the test procedures and results. The appellant needed to testify to make the defense plausible and, in the mind of the defense counsel, she would not make a good, credible witness, and her testimony at that time in the trial would hurt, rather than help, her case. Accordingly, it was reasonable to hold the good soldier evidence until sentencing when it would have the most impact on the military judge.

■ Even if we were to find that the trial defense counsel erred by not presenting the good soldier defense in the findings portion of the trial, we do not find the second prong of *Strickland* and *Scott,* the prejudice requirement, was met by the appellant. In *United States v. Holt,* 33 M.J. 400, 410 (C.M.A.1991), the Court of Military Appeals determined that the accused's civilian defense counsel was ineffective for not raising the potential bar to prosecution of the statute of limitations. However, the Court determined that as the statute of limitations did not in fact bar prosecution, the accused was not prejudiced by his counsel's failure to raise the issue. Similarly, we find that the good soldier defense would not have raised a reasonable doubt as to the appellant's drug use. The government's evidence of guilt was substantial. The evidence of the appellant's good soldierly duty performance would not have reasonably led a fact-finder to conclude other than that the appellant had used marijuana and cocaine as alleged. Accordingly, we hold that if it was error for the trial

defense counsel not to present the good soldier defense on the merits of the case, the appellant was not prejudiced by such failure.

We have carefully considered the remaining assignment of errors personally asserted by the appellant, pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge GRAY and Judge WERNER concur.