**UNITED STATES, Appellee,**

v.

**Chief Warrant Officer Two Matthew ST. FORT, 580–16–0839, United States Army, Appellant.**

**ACMR 8700988.**

U.S. Army Court of Military Review.

22 June 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of attempted adultery and disorderly conduct, violations of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (1982). His sentence to a dishonorable discharge was approved by the convening authority.

Appellant contends that the peremptory challenge of his court-martial panel's sole black officer was in violation of the equal protection principles of the United States Constitution. We disagree.

At trial, the trial counsel exercised his peremptory challenge against Captain (CPT) T, the only black member of the court. The military judge *sua sponte* required the trial counsel to explain the reason underlying this challenge. The trial counsel stated that he premised the challenge on the fact that CPT T was the most junior member of the court, on the fact that CPT T was a female and he had "a little concern that that [CPT T] might have undue empathy with [appellant's] wife" who was in attendance at appellant's court-martial, and on the fact that, from his prior experience with CPT T, he had found her to be "a little too sympathetic" towards those accused of crimes. The military judge ruled that the peremptory challenge was properly exercised and was not in any way racially motivated.

Appellant contends that the trial counsel's reasons were neither clearly legitimate nor specifically related to this case. He charges that the trial counsel's peremptory challenge constitutes gender based discrimination. He further charges that trial counsel's reasons are not substantiated by *voir dire*.

■ We are satisfied that the procedure employed in the case *sub judice* comports with the procedural requirements of both *United States v. Moore* and *Batson v. Kentucky. See Batson v. Kentucky*, 476 U.S. 79, 97–98, 106 S.Ct. 1712, 1723–1724, 90 L.Ed.2d 69 (1986); *United States v. Moore*, 26 M.J. 692, 700–701 (A.C.M.R. 1988). The trial counsel's stated perception that CPT T was, from his experience with her, biased in favor of those accused of wrongdoing is a reasonable, credible and racially neutral explanation of his peremptory challenge. *See Batson v. Kentucky*, 476 U.S. at 97–98, 106 S.Ct. at 1723–1724, and *United States v. Moore*, at 701.

While questions during *voir dire* may prompt a peremptory challenge, there is no requirement that a prosecutor's reason be supported by the record of *voir dire*. Consequently, we find no abuse of discretion by the military judge in allowing the peremptory challenge.

Appellant also contends that the evidence of record is insufficient to prove the elements of attempted adultery. To constitute an attempt, an accused must, with specific intent to commit the underlying offense, perform a certain overt act beyond mere preparation which tends to effect the commission of the intended offense. Manual for Courts–Martial, United States, 1984 [hereinafter MCM], Part IV, para. 4b. The appellant does not contest the facts of his case.

 The husband of appellant's coactor returned home unexpectedly one night to discover his wife clad only in a bathrobe and appellant hiding naked in a closet. The appellant fled into the street. The appellant contends that these facts justify inferences other than the attempted commission of adultery. He argues that the facts equally justify inferences that he may have abandoned his intent to commit adultery, that he may have intended to commit an offense other than adultery, or that he may have merely been making a social call.

We find the circumstantial evidence of intent sufficient to justify beyond reasonable doubt the inference that appellant intended to engage in sexual intercourse with a woman not his wife and that he had taken substantial, overt steps beyond mere preparation towards accomplishing this offense.

The court finds that the other issues personally asserted by appellant are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge SMITH concur.