**UNITED STATES, Appellee,**

v.

**Private E2 Bobby DAWSON,
251–39–6299, United States
Army, Appellant.**

**ACMR 8802047.**

U.S. Army Court of Military Review.

15 Sept. 1989.

For appellant: Major Marion E. Winter, J.A.G.C., Captain Thomas A. Sieg, J.A.G.C. (on brief).

For appellee: Colonel Norman G. Cooper, J.A.G.C., Lieutenant Colonel Gary F. Roberson, J.A.G.C., Major Kathryn F. Forrester, J.A.G.C., Captain George R. Johnson, J.A.G.C. (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, the appellant was convicted by a special court-martial, consisting of officers, of wrongful use of marijuana, wrongful use and possession of a false identification card, violation of a lawful general regulation by wrongful possession of a hand grenade simulator, and willful disobedience of a command of his commanding officer, in violation of Articles 112a, 134, 92, and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 934, 892, and 890 (1984 Supp.), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for one month, forfeiture of $447.00 pay for one month, and reduction to the grade of Private E1.

The appellant asserts that several errors occurred to his substantial prejudice. Upon consideration, we find that error did not occur and affirm.

The appellant contends that the military judge erroneously overruled his objection to the government's exercise of its peremptory challenge. The officer challenged was a member of the appellant's race. In compliance with our opinion in *United States v. Moore*, 26 M.J. 692 (A.C. M.R.), *petition granted*, 27 M.J. 414 (C.M. A.1988), the trial counsel stated that his challenge was based on the second lieutenant's educational background in criminal justice, junior status on the court-martial, and lack of experience. The second lieutenant had stated that she had one year and five months experience in a reserve unit. The objectivity of the trial counsel's

reasoning is reinforced by his having elicited on voir dire of the court members that she was the least acquainted with the Army's drug testing program. On this record, our standard prescribed in *Moore* was met.

The appellant asserts two prejudicial results from admission of a drug test result form. First, the form provides evidence that the appellant wrongfully possessed and used a false military identification card. As part of its drug rehabilitation program, the Army has a policy that limits the use of positive drug test results. The appellant argues that the policy precludes admissibility of such evidence obtained from a rehabilitative program urine test to show other misconduct employed in producing deceptive test results. That policy does not apply here because those acts charged would have an adverse impact on "mission, national security, or the health or welfare of others"; if successful, they would conceal illegal drug use from the Army. Army Regulation 600–85, Personal —General: Alcohol and Drug Abuse Prevention and Control Program, paragraph 6–4b (3 Nov. 1986) [hereinafter AR]. *Cf. United States v. Johnson*, 25 M.J. 517, 518 (A.C.M.R.1987) (Federal law and Department of Defense policy are to identify and treat drug dependent persons in the armed services), *petition denied*, 26 M.J. 226 (C.M.A.1988). Second, the document was material to show the wrongful possession and use of a military identification card. That document also showed a positive test result for drug abuse occurring while the appellant was enrolled in a drug rehabilitation program. The military judge gave an adequate instruction to the court members limiting their consideration of the document to its use regarding the alleged wrongful possession and use of a false military identification card.

The appellant also argues that the Army's limited use policy precludes affirmance of a bad-conduct discharge. To the contrary, we find that policy does not apply to adjudgment of punitive discharges. That policy mandates honorable discharges if the government initially introduces limited use evidence in its "discharge proceedings." AR 635–200, Personnel Separations: Enlisted Personnel, paragraph 3–8a (20 July 1984). Courts-martial are not "discharge proceedings," governed by AR 635–200.

Moreover, the evidence in question was introduced to show other misconduct and a limiting instruction was given. Standing alone or together, those reasons lead us to find no administrative bar to affirmance of the bad-conduct discharge.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.