**UNITED STATES**

v.

**Sergeant Defields A. LAWRENCE, II, FR 205–50–5802, United States Air Force.**

**ACM 28388.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1989.

Decided 20 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

■ Citing *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the appellant claims that the military judge erred by allowing the prosecutor to peremptorily challenge Captain S, the only member of appellant's race.

At trial, counsel revealed her reason for challenging Captain S—his educational background in criminology; she asserted

that such training might influence him in the litigated portion of the court-martial. When the *Batson* issue first surfaced, the prosecutor indicated she had no personal knowledge of Captain S since she was assigned to another installation. Before arriving at the trial situs, she explained, she reviewed raw data pertaining to each potential court member and made tentative decisions on who to challenge. Biographical information on the members was properly available under *United States v. Credit,* 2 M.J. 631, 639 (A.F.C.M.R.1976), *rev'd on other grounds,* 4 M.J. 118 (C.M.A.1977).

To support the Government's challenge of Captain S, the prosecutor divulged her written notes, which were appended to the record as an appellate exhibit. Captain S's educational background in criminology was the sole item circled. Trial counsel further noted that initially she planned to challenge another member peremptorily but the defense challenged that member first, for cause.

■ We are satisfied that the procedures employed here comport with the requirements of *Batson v. Kentucky.* We hold that the trial counsel produced a racially-neutral, legitimate explanation for challenging Captain S. *United States v. Moore,* 28 M.J. 366 (C.M.A.1989); *United States v. Santiago-Davila,* 26 M.J. 380 (C.M.A.1988); *United States v. Dawson,* 29 M.J. 595 (A.C.M.R.1989); *United States v. Cooper,* 28 M.J. 810 (A.C.M.R.1989); *United States v. St. Fort,* 26 M.J. 764 (A.C.M.R. 1988); *United States v. Cox,* 23 M.J. 808 (N.M.C.M.R.1986). *See generally Holland v. Illinois,* — U.S. —, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990); *Tompkins v. Texas,* — U.S. —, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989); Carpenter, *Batson v. Kentucky: Analysis and Military Application,* Army Lawyer (May 1989) 21; Wims, *Ongoing Problems in Jury Selection,* outline of presentation to 1990 Homer Ferguson conference, 4 May 1990.*

We find the prosecutor's explanation forthright and genuine. The voir dire pro-

---

* For useful Federal and state authorities, *see United States v. Clemmons,* 892 F.2d 1153 (3d Cir.1989) (venireman probably a Hindu—might be defense minded); *United States v. Thompson,* 827 F.2d 1254, 1256, 1260 (9th Cir.1987) (juror

lived in defendant's neighborhood and might sympathize with him; both black; another juror excused on grounds she was social worker); *see also United States v. Romero-Reyna,* 867 F.2d 834 (5th Cir.1989) (various jurors—college stu-

cess itself helps to convince us that her challenge was not racially motivated. All members were questioned in a like manner, and the questions seem completely fair and evenhanded. The stated rationale for the Government challenge—while necessarily subjective—is neither trivial nor so broad as to be meaningless.´ *United States v. Horsley,* 864 F.2d 1543 (11th Cir.1989); *Slappy v. State,* 503 So.2d 350 (Fla.1987); *State v. Marrs,* 379 S.E.2d 497 (W.Va. 1989); *Gamble v. State,* 257 Ga. 325, 357 S.E.2d 792 (1987).

The military judge's handling of this matter further supports our decision to affirm. After counsel objected to the prosecution's peremptory challenge, the judge called an Article 39a session. Trial counsel then explained her challenge on the record. Since the *Batson* issue was not anticipated, the judge gave both sides ample time to research legal authorities. The parties were able to memorialize their positions and make a complete record. The military judge made elaborate essential findings. They extended to his helpful observation— as one who saw and observed the participants—that he noticed the prosecutor display a surprised look when first informed (in a private conversation with the defense) that a *Batson* issue was surfacing. *See generally Santiago–Davila,* 26 M.J. at 392; *Cooper,* 28 M.J. at 815.

We applaud all parties for the professional way the *Batson* issue was handled at trial. Practitioners should note for future reference the steps detailed in this opinion to resolve the matter.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judges BLOMMERS and MURDOCK concur.

dent, community service worker, welfare mother—all excused as "too liberal"); *North Carolina v. Porter,* 326 N.C. 489, 391 S.E.2d 144 (1990)

(juror excused; college major in sociology who also read Rolling Stone magazine).