# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DALTON C. CZAICZYNSKI**
**United States Army, Appellant**

ARMY 20170309

Headquarters, National Training Center and Fort Irwin
Michael J. Hargis, Military Judge
Lieutenant Colonel Lajohnne A.W. Morris, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Virginia Tinsley, JA; Captain Brian Jones, JA (on brief).

26 February 2019

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

Pursuant to his pleas of guilty, a military judge found Private (PVT) Dalton C. Czaiczynski guilty of multiple specifications of wrongful use of controlled substances, disobeying orders, failing to report, and providing false official statements.[1] The military judge sentenced appellant to a bad-conduct discharge and

---

[1] A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave (AWOL), three specifications of failing to go to his appointed place of duty, one specification of willfully disobeying his superior commissioned officer, four specifications of disobeying a lawful order or regulation, two specifications of rendering a false

(continued . . .)

nine months confinement. On appeal, PVT Czaiczynski argues that the sentence of a bad-conduct discharge was impermissible due to the use of "limited use" evidence.[2] We disagree.

## BACKGROUND

Appellant is a drug addict. Despite his unit sending him to in-patient rehabilitation twice, he could not break his addiction. Appellant used marijuana, cocaine, amphetamines, heroin, and Adderall. Appellant, under the age of twenty-one, would also consume large quantities of alcohol.

As time went on and appellant continued to use illegal substances, his unit curtailed his liberties. In February 2017, appellant's unit preferred charges against him for his drug use, under-age drinking, and AWOL. While pending charges, appellant continued to use illegal drugs and commit other misconduct. On numerous occasions, appellant disobeyed orders and left Fort Irwin without permission. Appellant also failed to go to accountability formation on several occasions. Eventually appellant's unit placed appellant in pretrial confinement and charged appellant with various additional charges related to his misconduct.

Appellant entered into a pretrial agreement where the convening authority agreed to dismiss one of the charges and refer the case to a special court-martial in

---

(. . .continued)
official statement, and eight specifications of wrongful use of a controlled substance, in violation of Articles 86, 90, 92, 107, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 907, and 912a (2012). The convening authority approved the adjudged sentence and credited appellant with twenty-eight days of pre-trial confinement credit.

[2] Appellant raises two other assignments of error. First, he asserts that his convictions for disobeying a lawful order and failing to go to his appointed place of duty are multiplicious. Second, appellant asserts that his convictions are unreasonably multiplied. We disagree. We have also considered the matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit. Insofar as appellant asserts his defense counsel was ineffective by not submitting a post-trial request for discharge in lieu of trial by court-martial, we note that the convening authority did not have authority to grant it. *See* Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations, para. 10-1 (19 Dec. 2016); Rule for Courts-Martial (R.C.M.) 1107(d)(1)(B); *see also In re Vance*, 78 M.J. 631 (Army Ct. Crim. App. 2018); *United States v. Alvin*, ARMY 20150353, 2017 CCA LEXIS 722 (Army Ct. Crim. App. 21 Nov. 2017).

exchange for appellant's plea of guilty to the remaining charges and specifications. As part of the agreement, appellant entered into a stipulation of fact. In the stipulation, appellant admitted to using drugs on several occasions between January 2016 and March 2017.

At trial, prior to entry of pleas, appellant's defense counsel stated that he had no motions. Appellant then pleaded guilty to all charges and specifications. As part of the providency inquiry, appellant testified as to facts underlying each specification of drug use. At no time during his providency inquiry did he or his counsel argue that the charges were based on "limited use" evidence.[3]

During the sentencing proceedings following the guilty plea, the government introduced a record of non-judicial punishment under Article 15, UCMJ, for a drug use between June 2016 and July 2016. The documents accompanying that Article 15 contained the results of a urinalysis and an Army Criminal Investigation Command (CID) report stating that there were two tests in which appellant tested positive. None of the documents contained any indication that either of the positive urinalysis tests were based on "limited use" evidence.

**DISCUSSION**

Appellant argues that AR 600-85 requires we set aside his bad-conduct discharge. Specifically, appellant argues that the trial counsel impermissibly introduced limited use evidence at trial in three ways: (1) "limited use" evidence formed the basis of Specification 3 of Charge IV; (2) the stipulation of fact contained "limited use" evidence; and (3) appellant's Article 15 introduced during sentencing contained a CID report that referenced a urinalysis test that was "limited use." Appellant argues that the admission of this evidence precludes a characterization of his service less favorable than "honorable." We disagree.

*1. The Record on Appeal*

We conduct our review under Article 66, UCMJ. Our appellate review is limited to the record of trial. The President has defined the contents of the record of trial as: (1) the transcript; (2) the charge sheet(s); (3) the convening order(s); (4) any request for trial by judge alone; (4) the convening authority's action; (5) exhibits

---

[3] The Army Limited Use Policy "prohibits the use by the government of protected evidence against a Soldier in actions under the UCMJ or on the issue of characterization of service in administrative proceedings. Additionally, the policy limits the characterization of discharge to 'Honorable' if protected evidence is used." Army Reg. 600-85, Personnel-General: The Army Substance Abuse Program [AR 600-85], para. 10-12(a) (28 Nov. 2016).

3

received into evidence; and (6) appellate exhibits. *See* R.C.M. 1103(b)(2) and (c). Other documents are "attached" to the record of trial, but are not part of the record of trial. *See* R.C.M. 1103(b)(3).

An appellate court may also take "judicial notice of law and fact under certain circumstances." *United States v. Paul*, 73 M.J. 274, 278 (C.A.A.F. 2014). For example, appellate courts may consider: (1) evidence about post-trial conditions; (2) evidence submitted in support of a petition for a new trial under Article 73, UCMJ; and (3) evidence submitted to resolve claims of ineffective assistance of counsel. *See, e.g., United States v. Gay*, 75 M.J. 264 (C.A.A.F. 2016); *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997).

In the contents of appellant's record of trial, we find no indication that the government introduced evidence that would constitute protected evidence as defined in the Limited Use Policy.[4] On appeal, appellant has submitted several documents, not included in the record of trial, which he asserts demonstrate that "limited use" evidence was admitted at his guilty plea. Absent one of the aforementioned exceptions, "it is inappropriate to base an appellate opinion on assertions dehors the record." *United States v. Cade*, 75 M.J. 923, 928 (Army Ct. Crim. App. 2016) (internal quotations and citations omitted).

Even if we were to consider appellant's collateral attack of his guilty pleas, we would conclude that appellant's bad-conduct discharge is proper. We are not convinced the documents appellant submitted on appeal establish that the evidence meets the stringent requirements of AR 600-85.

### 2. *The Time to Litigate*

The appropriate time to litigate appellant's assertion that he is entitled to an honorable characterization of service due to the impermissible admission of "limited use" evidence was at his guilty plea. Had the defense raised the objection, the parties would have had the opportunity to litigate the issue and develop the factual record. In fact, since defense counsel did not raise the issue, we are left with the impression that the defense did not believe the evidence fell within the scope of "limited use."

---

[4] Army Regulation 600-85 limits protected evidence to seven categories. AR 600-85, para. 10-12(a)(3)-(7). Appellant's argument relies on the exception for medical treatment and the results of a drug test "administered solely as a required part of a DOD or Army rehabilitation or treatment program." *Id.* at para. 10-12(a)(7).

Notably, after appellant pleaded guilty to the offense he now claims is based on "limited use" evidence, and the stipulation of fact, which he now claims references "limited use evidence," was entered into evidence, appellant specifically agreed with the military judge that his criminal exposure included a bad-conduct discharge. During appellant's plea inquiry, the military judge discussed with appellant and his counsel the maximum punishment authorized as a result of appellant's guilty plea. Defense counsel agreed with the military judge that the maximum punishment authorized was "reduction to the grade of E-1, forfeiture of two-thirds pay per month for twelve months, confinement for twelve months, and a *bad-conduct discharge*." (emphasis added). *See, e.g.*, *United States v. Hardy*, 77 M.J. 438, 444 (C.A.A.F. 2018) (finding appellant waived objection to unreasonable multiplication of charges when he agreed with the military judge's statement of the maximum punishment authorized).

During the sentencing proceedings, when the government introduced appellant's Article 15 into evidence, which he now claims references "limited use" evidence, defense counsel still did not raise an objection to the exhibit or to the previously agreed upon maximum punishment authorized.[5]

We further note that the bases for appellant's convictions are his statements admitting to the elements of the offenses during the providency inquiry, not the results of a urinalysis.

---

[5] If appellant believed the only evidence the government had as the basis to convict him was "limited use" test results, he could have challenged the admission at trial. *See, e.g.*, *United States v. Dawson*, 29 M.J. 595, 597 (A.C.M.R. 1989). In *Dawson*, the Army Court of Military Review held that it was permissible for the government to introduce "limited use" evidence because the policy at the time only prohibited introducing "limited use" evidence in "discharge proceedings," which are not courts-martial. *Id*. at 597; *see also* Personnel-General: Alcohol and Drug Abuse Prevention and Control program, para. 6-4(b) (3 Nov. 1986). However, the regulation has been revised since *Dawson*. The regulation in effect at the time of appellant's guilty plea contains additional language stating, "Additionally, the policy limits the characterization of discharge to 'Honorable' if protected evidence is used." AR 600-85, para. 10-12(a) (28 Nov. 2016). In the context of the regulation, we are doubtful this language applies to a court-martial.

We leave for another day the question of whether the Army Chief of Staff or Army G-1 can in effect limit the maximum punishment at a court-martial.

## CONCLUSION

After consideration of the entire record, having found no substantial basis in law or fact to question appellant's pleas, and finding the sentence appropriate, the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court