UNITED STATES, Appellee,

v.

Private E–2 Helen C.Y. THOMAS, 491–72–6636, United States Army, Appellant.

No. ACMR 8700916.

U.S. Army Court of Military Review.

31 May 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Donna L. Wilkins, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was convicted contrary to her pleas, by a special court-martial with members, of violation of a lawful general regulation by wrongful possession of a switchblade knife, assault with a dangerous weapon and assault with intent to intentionally inflict grievous bodily harm in violations of Articles 92 and 128, Uniform Code of Military Justice, §§ 10 U.S.C. §§ 892 and 928 (1982). Her approved sentence included a bad-conduct discharge, confinement for six months, forfeiture of $300.00 pay per month for six months, and reduction to the grade of Private E–1.

Among several allegations of error, appellant alleges that appellant was prejudiced by the failure of the staff judge advocate to comment on the issue of legal sufficiency of the evidence which was raised by trial defense counsel in a post-trial submission and that the military judge erred by allowing testimony concerning confidential information about appellant's participation in the alcohol and drug abuse prevention and control program. We find no merit to either of these allegations for the reasons hereinafter set forth and affirm appellant's conviction.

### I

■ Following service of the post-trial review upon the trial defense counsel, appellant through counsel submitted a response pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [R.C.M.] 1106(f)(4). In that response, trial defense counsel referred to the two theories presented by the opposing parties based upon the mixed facts at trial. He expressed his opinion and view that much of the evidence presented by the

government did not make sense and was not believable. Further, although acknowledging that the government had produced testimony to show an unprovoked intentional attack upon the victims, he stated that the injuries, a stab wound in the back and a 1.5 cm cut on the cheek which penetrated 2 millimeters into subcutaneous tissues, did not support the prosecution's theory. Finally, both the primary opening and closing paragraphs of the response to the post-trial review requested the convening authority to disapprove the remaining adjudged but unserved confinement.

From the totality of the document in question, the trial defense counsel's thrust requests the convening authority to believe the defense evidence and not the prosecution's. At no time does he question the sufficiency of the evidence to sustain the conviction as a matter of law. See United States v. Harper, 22 M.J. 157, 161 (C.M.A. 1986) ("Sufficiency of evidence as a matter of law" means some legal and competent evidence from which the fact-finder may find or infer beyond a reasonable doubt those facts required by law for a conviction). The thrust of the entire document is that of a request for clemency. Under these circumstances, there is no requirement for the staff judge advocate to comment further concerning the matter. See R.C.M. 1105, 1106(d)(4). As this court noted in United States v. Thompson, 26 M.J. 512 (A.C.M.R.1988), Congress intended that appellate tribunals have primary responsibility for reviewing legal issues and the correction thereof. Although the convening authority may disapprove the findings and sentence for any or no reason at all, see R.C.M. 1107(c), the opportunity to raise legal errors before the convening authority under either of the stated rules appears to be somewhat of a legal anomaly which places form over substance.

### II

As we have noted, appellant also alleges that he was prejudiced by the military judge allowing testimony concerning confidential information about appellant's participation in the alcohol and drug abuse

prevention and control program. The circumstances under which this alleged error arose were that appellant had called a secondary supervisor and another noncommissioned officer (NCO) who had worked with the appellant to testify in extenuation and mitigation. The witnesses testified concerning appellant's hard work and outstanding results achieved in her job and expressed their view as to her excellent potential for rehabilitation. In an effort to dislodge the witnesses' opinion, the prosecution asked the witnesses on cross examination whether they were aware that while enrolled in the drug and alcohol rehabilitation program and in violation of a pledge and an order not to consume alcohol, the appellant had been observed drinking beer. The supervisor was aware of those facts while the other NCO stated he had only heard rumors. In either case, the prosecution was unable to change the favorable opinion of the two witnesses and the evidence was received without objection from the trial defense counsel.

Section III of Army Regulation 600–85, Alcohol and Abuse Prevention and Control Program, paras. 6–6 through 6–10 (3 November 1986) [hereinafter AR 600–85], sets forth Army policy on disclosure of information developed through the program.[1]

As the statute existed at the time of appellant's court-martial, and as it exists now, disclosure of treatment records is permitted without the patient's consent pursuant to court order "after application showing good cause therefor." 42 U.S.C. §§ 290dd–3(b)(2)(C) and 290ee–3(b)(2)(C).[2] *See* AR 600–85, para. 6–10h. This section requires the court to "weigh the public interest and need for disclosure against injury to the patient, to the physician-patient relationship and the treatment services." *Id.* The statute, however, includes a general prohibition against use of treatment records in initiating or substantiating any criminal charges or in conducting an

investigation of the patient. 42 U.S.C. § 290dd–3(c).

■ Army Regulation 600–85, para. 6–10(h)(2), permits disclosure of such records "limited to only that objective data such as facts or dates or [sic] enrollment, discharge, attendance and medication" that are necessary to fulfill the purpose of the court order. The prohibition against disclosure applies to individuals responsible for any client record and to individuals who have knowledge of information contained in client records. Client records are those records "maintained in connection with" the alcohol and drug abuse control program. *Id.* The regulation protects the confidentiality of such records in much the same way medical treatment records are treated as confidential. Consequently "individual", as that term is used in the context of this section of the regulation (para. 6–8), refers to personnel who staff the program either as a primary or secondary duty. In order to raise an issue under the disclosure prohibition, an accused must demonstrate that the individual revealing the information is responsible for or otherwise has access to the information contained in the accused's client records.

The limited use policy contained in paragraph 6–4 of the cited regulation prohibits the use of evidence of self referral, admissions incidental to treatment, evidence of mandatory testing taken to determine fitness for duty, or evidence of information incidental to emergency medical care. This policy precludes the use of the foregoing classes of evidence against a soldier "in actions under the Uniform Code of Military Justice." AR 600–85, para. 6–4a.

■ Here, no information was developed at trial to determine the source of the information possessed by the trial counsel or the basis under which the accused was

1. This policy gives effect to a congressional mandate of nondisclosure of treatment associated with drug abuse prevention programs. See Pub.L. 92–255, Title IV, § 408, March 21, 1972, 86 Stat. 79 (originally codified at 21 U.S.C. 1175).

2. Section 290dd–3 of Title 42 addresses disclosure incidental to participation in alcohol abuse rehabilitation programs while section 290ee–3 addresses disclosure incidental to participation in drug abuse programs. The provisions are substantially identical.

referred to the program. *See United States v. Johnson,* 25 M.J. 517 (A.C.M.R. 1987). Consequently, as there was no objection made by trial defense counsel, the issue, if in fact there is one, has been waived. Mil.R.Evid. 103.[3]

The court has examined the remaining assignment of error and it is deemed to be without merit.

The findings of guilty and the sentence are affirmed.

Judge KANE and Judge SMITH concur.

---

**3.** The facts of this case are clearly distinguishable from *United States v. Howes,* 22 M.J. 704 (A.C.M.R.1986). Consequently, the rule of that case is not applicable.