# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Captain JOSEPH M. WARD III
### United States Air Force

## ACM 38376

## 23 October 2014

Sentence adjudged 15 December 2012 by GCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: William C. Muldoon.

Approved Sentence: Dismissal, confinement for 8 years, forfeiture of all pay and allowances, and a reprimand.

Appellate Counsel for the Appellant: Captain Michael A. Schrama and Frank J. Spinner, Esquire.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WEBER, Judge:

A panel of officer members at a general court-martial convicted the appellant, contrary to his pleas, of two specifications each of aggravated sexual assault, forcible sodomy, and conduct unbecoming an officer and a gentleman, plus three specifications of assault consummated by a battery. The offenses of which the appellant was convicted represent violations of Articles 120, 125, 128, and 133, UCMJ, 10 U.S.C. §§ 920, 925, 928, 933. The adjudged and approved sentence consisted of a dismissal, confinement for 8 years, forfeiture of all pay and allowances, and a reprimand.

The appellant challenges the legal and factual sufficiency of his conviction, the accuracy of the staff judge advocate's recommendation, the post-trial delay in obtaining the convening authority's action, and the appropriateness of his sentence.

*Background*

The appellant's convictions arose out of his sexual relationships with two civilian women during overlapping periods. We see no need to spell out the appellant's misconduct in great detail. To briefly summarize, the appellant was convicted of the following offenses toward one woman: spitting on her during sexual activity, grabbing her neck during sexual activity, and pushing her to the ground and sexually assaulting her by penetrating her while she asked him to stop. These actions took place on three separate occasions in mid-2011. The appellant was convicted of the following offenses concerning the second woman: sexually assaulting her by penetrating her while she asked him to stop, twice forcibly sodomizing her while she attempted to pull away, and striking her in the face during sexual activity. These actions took place on two separate dates in late 2011 and early 2012. Neither woman reported the incidents immediately, and both continued their relationships with the appellant after some of the initial charged events.

*Legal and Factual Sufficiency*

The appellant challenges the legal and factual sufficiency of his convictions by asserting that both women had motives to fabricate or misrepresent the allegations, both made false or inconsistent statements at various points throughout the investigation and trial proceedings, and testimony indicated both had a reputation or character for untruthfulness.

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

"The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987)) (internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States*

*v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987), *quoted in United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

Having evaluated the entire record of trial, we are convinced of the legal and factual sufficiency of the appellant's convictions. The women testified to all the elements of each offense, thereby establishing legal sufficiency. They admitted their consensual actions with the appellant even after the initial charged actions, and their accounts do not read as embellished in any respect. Each witness's testimony stands on its own, but their accounts also provide strong evidence of the appellant's propensity toward sexual misconduct. The defense testimony about the victims' reputation or character for untruthfulness was superficial and unconvincing. Both victims refrained from immediately reporting the appellant, indicating their allegations were not motivated by spur-of-the-moment emotion. Neither victim had any apparent ulterior motive in reporting their allegations. While the defense attempted to demonstrate that the two colluded in reporting their allegations, both victims testified that they never knew of each other until well after legal proceedings had begun, and phone records introduced by the Government support the victims' testimony.

In short, we ourselves are personally convinced of the appellant's guilt, despite his arguments to the contrary. The appellant's conviction on all charges and specifications is both legally and factually sufficient.

*Staff Judge Advocate's Recommendation*

The appellant alleges that the staff judge advocate's recommendation (SJAR) addendum erroneously stated the appellant alleged no legal error in the proceedings when in fact the appellant's clemency submission challenged the sufficiency of the evidence against him.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Rule for Courts-Martial 1106(d)(4) requires the staff judge advocate to state whether corrective action on the findings or sentence should be taken when the defense clemency submissions allege legal error. Such response "may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required." *Id.*

In his clemency submission, the appellant alleged that his conviction was based on "untruthful testimony without any corroborating evidence," while evidence introduced by the defense "validated the veracity of my sworn statements to the Office of Special Investigations (OSI) indicating that I am an innocent man." Trial defense counsel's submission did not challenge the conviction but rather requested relief from the sentence. The SJAR addendum in response to the clemency submission stated the defense did not allege any legal errors.

The appellant's request for relief on this issue fails in three respects. First, the appellant did not allege that the evidence was insufficient to sustain the conviction as a matter of law; he merely stated that his evidence proved more credible than the Government's evidence. Where the thrust of the defense's clemency submission "requests the convening authority to believe the defense evidence and not the prosecution's," the defense has not alleged a "legal error" and there is no requirement for the staff judge advocate to comment further concerning the matter. *United States v. Thomas*, 26 M.J. 735, 736 (A.C.M.R. 1988); *see also United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) (questioning whether a clemency submission that asked the convening authority to review certain testimony, set aside some of the findings, and reduce the sentence alleged legal error). Second, even if the clemency submission could be read to allege a legal error concerning the sufficiency of the evidence, the SJAR addendum addressed this concern by stating the following: "I find the verdict of guilty is supported by the evidence presented at trial . . . ." Finally, even if error occurred, such an error "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.* We see no conceivable possibility of prejudice under these circumstances, where the convening authority fully considered the appellant's contention of innocence and rejected it. The appellant is not entitled to relief on this issue.

*Post-Trial Delay*

The appellant argues that he was deprived of his right to a speedy post-trial review because 178 days elapsed between the date of sentencing and the date of the convening authority's action. We review an appellant's due process right to a speedy post-trial review de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). In *Moreno,* our superior court stated a presumption of unreasonable delay is triggered when the action of the convening authority is not taken within 120 days of the completion of trial. *Id.* at 142. Furthermore, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers the service courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). The appellant does not allege a due process violation

by the violation of the *Moreno* standard and does not allege prejudice from the delay; rather, he asks that we provide him meaningful relief under *Tardif* in order to "send a clear message to Air Force District Washington and the entire Air Force that this Court will not be patient with unreasonable post-trial delay."[1]

We recognize our broad authority to grant sentence relief for post-trial delay, but we decline to exercise that power in this case. This five-day court-martial consisted of 1,161 transcribed pages, and the record of trial encompasses 15 volumes. The record contains evidence that the Government took reasonable steps to complete post-trial processing in this case. In addition, a portion of the delay occurred when the defense requested and was granted a 20-day extension of time to submit clemency matters. We also note that the record indicates no complaint by the appellant about the post-trial processing of his case. We find no evidence of bad faith or gross indifference to the post-trial processing of the appellant's case sufficient to prompt sentence relief.

*Sentence Appropriateness*

The appellant asserts his sentence is inappropriate, citing his service record, and a generalized assertion that "other Airmen have received much less confinement time for arguable [sic] more severe misconduct."

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In exercising sentence appropriateness review, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The appellant bears the burden of demonstrating that any cited cases are "closely related"

---

[1] The Air Force District Washington did not prosecute this case and was not involved in its processing. The appellant's court-martial took place at Davis-Monthan Air Force Base and was convened by the commander, Twelfth Air Force.

to his case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If the appellant meets his burden to demonstrate closely related cases involve highly disparate sentences, "the Government must show that there is a rational basis for the disparity." *Id.*

Applying these standards to the present case, we do not find the appellant's sentence inappropriately severe. The appellant has not raised sufficient evidence to warrant sentence comparison with any closely related cases. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. The record indicates the appellant vocalized rape fantasies in instant messages with one of the victims. He then lived out those fantasies by numerous acts of sexual and physical violence toward two women. The appellant's service record[2] does not render his sentence inappropriately severe. Rather, we find the sentence quite appropriate for this offender and his offenses.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[2] The appellant argues that his service record renders the sentence inappropriately severe. However, along with his many positive accomplishments, the appellant received a letter of reprimand for providing alcohol to minors which resulted in one of them being hospitalized for alcohol consumption complications.

ACM 38376