# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic BRENDAN M. HENRION
## United States Air Force

## ACM 38456

## 27 March 2015

Sentence adjudged 25 July 2013 by GCM convened at Goodfellow Air Force Base, Texas. Military Judge: Mark L. Allred.

Approved Sentence: Bad-conduct discharge and forfeiture of $500.00 pay per month for 3 months.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

MITCHELL[1], WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

WEBER, Judge:

A panel of officer and enlisted members at a general court-martial convicted the appellant, contrary to his pleas, of one specification of viewing child pornography and one specification of communicating indecent language to a child, in violation of

---

[1] In a memorandum dated 2 February 2015, Lieutenant General Christopher F. Burne, The Judge Advocate General, designated Senior Judge Martin T. Mitchell as the Chief Appellate Military Judge in cases where Chief Judge Mark L. Allred served as the military judge or recused himself under the governing standards of judicial conduct. In this case, Chief Judge Allred, while serving as the trial judge, presided over the appellant's court-martial. Therefore, Chief Judge Mitchell assigned the panel in this case.

Article 134, UCMJ, 10 U.S.C. § 934. The members acquitted the appellant of three other specifications alleging various sexual conduct with minors. The adjudged sentence consisted of a bad-conduct discharge, hard labor without confinement for 3 months, restriction to the limits of Goodfellow Air Force Base for 2 months, and forfeiture of $500.00 pay per month for 3 months. The convening authority disapproved the restriction and the hard labor without confinement but approved the bad-conduct discharge and adjudged forfeitures.

The appellant alleges that the staff judge advocate erred in the addendum to his recommendation when he stated the appellant did not raise any legal errors in his clemency submission. He also alleges the military judge erred in admitting evidence under Mil. R. Evid. 404(b). We find no error and affirm.

*Background*

AS, a 13-year-old girl, began corresponding with the appellant through an online social media site. The appellant was 18 years old at the time. AS's profile falsely indicated she was 17 years old. The two corresponded regularly until one of AS's friends reported her concern about the relationship to a school counselor. The counselor called AS's parents, who contacted the appellant, told him AS was 13 years old, and asked him to stop contacting AS. AS's parents also took away her electronic communication devices. However, AS continued to find ways to stay in contact with the appellant. AS told the appellant that despite her parents' representation, she was actually 17 years old; however, the appellant later admitted that he believed at this point she was actually 13 years old.

Early one morning, AS's parents caught AS on the family's desktop computer engaged in text-based communication with the appellant. AS's parents reviewed the messages and found an explicit message from the appellant to AS indicating his desire to engage in sexual activities with her. AS's mother reported this to a National Center for Missing and Exploited Children hotline, and an investigation ensued.

The investigation uncovered digital images of child pornography in the unallocated space on the hard drive of the appellant's computer. One image formed the basis for the specification alleging the appellant viewed child pornography. A second image was not charged, but the Government successfully introduced it in its case in chief to support the charged offense under Mil. R. Evid. 404(b).

*Staff Judge Advocate's Recommendation (SJAR)*

The appellant alleges that the SJAR addendum was erroneous when it stated defense counsel raised no allegations of legal error in its clemency submission. He contends that he actually raised four legal errors in his clemency submission: (1) the image he was convicted of viewing was located in the unallocated space of his

computer's hard drive; (2) the prosecution presented a lack of evidence showing his "actual possession" of child pornography; (3) he operated under a mistake of fact regarding AS's actual age; and (4) his sentence was inappropriately severe. We disagree.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Parker*, 73 M.J. 914, 920 (A.F. Ct. Crim. App. 2014). Rule for Courts-Martial 1106(d)(4) requires the staff judge advocate to state whether corrective action on the findings or sentence should be taken when the defense clemency submission alleges legal error. Such response "may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required." *Id.*

As a preliminary matter, we are unsure what the appellant means when he alleges his defense counsel raised a lack of evidence showing his "actual possession" of child pornography. The appellant was convicted of viewing child pornography, not possessing it. The phrase "actual possession" does not appear in the defense's clemency submission.

More fundamentally, however, none of the four issues the appellant cites actually constitutes a claim of legal error. The first three matters essentially constitute claims that the evidence was legally or factually insufficient to support the appellant's convictions, while the fourth matter involves a claim of sentence inappropriateness. None of these rises to the level of a claim of legal error. Where the thrust of the defense's clemency submission "requests the convening authority to believe the defense evidence and not the prosecution's," the defense has not alleged a "legal error" and there is no requirement for the staff judge advocate to comment further on this matter. *United States v. Thomas*, 26 M.J. 735, 736 (A.C.M.R. 1988); *see also United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) (questioning whether a clemency submission that asked the convening authority to review certain testimony, set aside some of the findings, and reduce the sentence alleged legal error). In addition, even if the clemency submission could be read to allege a legal error concerning appropriateness of the sentence, the only relief the defense alleged with regard to sentencing was to disapprove the adjudged restriction and hard labor without confinement. The SJAR addendum recommended not approving these portions of the sentence, and the convening authority granted the defense the sentence relief it sought.

Finally, even if error occurred, such an error "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.* The first three "errors" the appellant cites—that the charged image was located in unallocated space, that the prosecution did not sufficiently demonstrate the appellant knowingly viewed the image, and that there was a mistake of fact regarding the

minor's actual age for the indecent language specification—are thoroughly refuted by the appellant's confessions. The appellant explicitly told investigators that he viewed and masturbated to the charged image on his computer, and he explicitly told investigators he believed AS was 13 years old when he sent the message in question. We therefore see no conceivable possibility of prejudice under these circumstances. The appellant is not entitled to relief on this issue.

*Mil. R. Evid. 404(b) Evidence*

The appellant was charged with viewing one image of child pornography found in the unallocated space of his computer's hard drive. The Government attempted to introduce two other images of young girls found on the appellant's hard drive under Mil. R. Evid. 404(b) to demonstrate intent and absence of mistake of fact. Upon defense objection, the military judge excluded one of the images, Prosecution Exhibit 2, because it did not constitute child pornography and was therefore not relevant. He admitted the remaining image, Prosecution Exhibit 3. After analyzing the factors outlined in *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A. 1989), the military judge determined sufficient evidence existed that the appellant possessed the image in Prosecution Exhibit 3; the image was relevant to knowledge, intent, plan, opportunity, motive, and/or mistake or accident; and its probative value was not substantially outweighed by the danger of unfair prejudice. On appeal, the appellant contends the military judge erred in analyzing the *Reynolds* factors.

We review a military judge's decision to admit evidence for an abuse of discretion. *United States v. Mott*, 72 M.J. 319, 329 (C.A.A.F. 2013). Under Mil. R. Evid. 404(b), evidence of other crimes, wrongs, or acts is generally not admissible but may be used to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence introduced under Mil. R. Evid. 404(b) must still be admissible under Mil. R. Evid. 403; in other words, its probative value must not be substantially outweighed by the danger of unfair prejudice. *Reynolds*, 29 M.J. at 109.

We note that Mil. R. Evid. 404(b) is a rule of inclusion. *United States v. Tanksley*, 54 M.J. 169, 175 (C.A.A.F. 2000). We also see little danger of unfair prejudice in admitting Prosecution Exhibit 3, as it was clear at trial the purpose for which the exhibit was being introduced, and there was no question as to what the appellant was charged with viewing. However, we need not definitively decide whether the military judge abused his discretion because we can resolve this matter on grounds of prejudice. This court may not set aside findings or the sentence on the grounds of a legal error "unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a). We see no possibility of material prejudice caused by any error in the military judge's ruling. The military judge issued a proper limiting instruction, clearly informing the members of the permissible use of Prosecution Exhibit 3. Moreover, even without this image, the Government had very strong evidence

of the appellant's guilt. While he was convicted of viewing only one image of child pornography found in the unallocated space of his hard drive, the appellant specifically admitted to investigators that he downloaded the image in question, viewed it, believed the girl depicted in the charged image to be 15 or 16 years old, and masturbated while viewing it. Therefore, we are confident that the admission of Prosecution Exhibit 3, even if erroneous, had no unfair impact on the appellant's court-martial.

## Conclusion

The approved findings and sentence are correct in law and fact,[2] and no error materially prejudicial to the substantial rights of the appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

## AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[2] We specifically considered the legal and factual sufficiency of the appellant's conviction for viewing child pornography, as we do for every charge and specification in a case brought before us on Article 66, UCMJ, 10 U.S.C. § 866, appeal. The image the appellant was charged with viewing, Prosecution Exhibit 1, consists of a young girl in a sexual position, but there is no lascivious exhibition of her genitals or pubic area. However, we determined that the image does depict the child engaged in "sexually explicit conduct," as defined by 18 U.S.C. § 2256(8). We therefore find the conviction for viewing child pornography legally and factually sufficient.

[3] The appellant was initially charged with viewing child pornography on divers occasions. After arraignment, but before the presentation of evidence, the military judge sua sponte struck out the language "on divers occasions" based on the Government's proffer of its evidence. The court-martial order does not indicate the "on divers occasions" language in the specification or the military judge's action in striking these words. Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.8.2.2. (6 June 2013), requires a court-martial order to "[l]ist the charges and specifications on which the accused was arraigned." We therefore direct promulgation of a corrected court-martial order.