# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class KENNETH ROBINSON
## United States Air Force

## ACM 38558

## 16 September 2015

Sentence adjudged 6 November 2013 by GCM convened at Beale Air Force Base, California. Military Judge: William C. Muldoon (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, contrary to his pleas,[1] of a specification of sexual assault and a specification of unlawful entry, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934.[2] The

---

[1] The Court-Martial Order (CMO) incorrectly states that Appellant plead guilty to Specification 2 of Charge I. We order a corrected CMO. Rule for Courts-Martial 1114; Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

[2] The current version of Article 120, UCMJ, 10 U.S.C. § 920, applies as the sexual assault occurred in May 2013.

adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to E-1.

On appeal Appellant asserts three errors: (1) the evidence supporting the sexual assault specification was legally and factually insufficient, (2) the staff judge advocate addendum erroneously stated no legal errors were raised, and (3) Appellant is entitled to relief because action was not completed until 127 days after the trial ended. We disagree and affirm the findings and sentence.

*Background*

Prior to the night of this incident, Appellant was a well-regarded Airman who was selected to have a master key to all the dorm rooms in his building. As a trusted agent, Appellant was able to use his master key to help other dorm residents who had inadvertently locked themselves out of their room. He was specifically told he was only to use his master key for this reason, and he was required to record his use.

Airman First Class (A1C) BS and Appellant were friends who had watched movies and eaten meals together. They had not engaged in any prior sexual activity together and had never kissed, held hands, or dated. A1C BS had locked herself out of her room on prior occasions and Appellant used his master key to open her door for her.

In early May 2013, Appellant stopped by A1C BS's dorm room on the way to a party. At about 2030 hours, A1C BS texted him, said she was hungry for tacos, and asked when he would be back at the dorms. He replied that he did not know, to which she stated she was going to sleep. About 90 minutes later, Appellant texted her asking if she was asleep. A1C BS did not answer that text as, by that point, she was asleep after ingesting Ambien.

After midnight, Appellant knocked on A1C BS's door but she did not answer. Undeterred, Appellant used his master key to enter A1C BS's dorm room. He woke her up and showed her that he had brought her some tacos. They ate the tacos together. A1C BS then lay down in bed and Appellant joined her. A1C BS fell asleep again. He began to kiss her, removed her clothing and her tampon, and then digitally and orally penetrated her vagina. Appellant later told A1C BS and law enforcement investigators that he believed she was pretending to be asleep while he engaged in this activity with her.

*Legal and Factual Sufficiency*

Appellant contends the evidence is legally and factually insufficient to support a finding of guilty to the sexual assault because A1C BS is not credible and the evidence

proves he had a mistake of fact that she was conscious during the sexual activity. We disagree.

We review issues of factual and legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). We may affirm only those findings of guilty that we determine are correct in law and fact and, on the basis of the entire record, should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The test for legal sufficiency is whether, when the evidence is viewed in the light most favorable to the Government, a rational factfinder could have found Appellant guilty of all the elements of the offense beyond a reasonable doubt. *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987)). The test for factual sufficiency is whether, "after weighing the evidence and making allowances for not having personally observed the witnesses," we are convinced of Appellant's guilt beyond a reasonable doubt. *Reed*, 54 M.J. at 41 (citing *Turner*, 25 M.J. at 325).

As charged in this case, the elements of the offense require the Government to prove Appellant committed the sexual acts when he knew or reasonably should have known the victim was unaware the sexual act was occurring. We have considered A1C BS's testimony, Appellant's statements to law enforcement, and all the other evidence in the record. We made the allowance that we did not personally observe the witnesses. We are convinced beyond a reasonable doubt that Appellant is guilty and the evidence is factually sufficient. Likewise, when viewed in the light most favorable to the prosecution, the evidence is legally sufficient.

*Staff Judge Advocate's Recommendation (SJAR)*

Appellant alleges that the SJAR addendum was erroneous when it stated defense counsel raised no allegations of legal error in its clemency submission. He contends that he actually raised legal errors in his clemency submission when he argued the weight of the evidence related to the credibility of the victim and his mistake of fact. We disagree.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Parker*, 73 M.J. 914, 920 (A.F. Ct. Crim. App. 2014). Rule for Courts-Martial 1106(d)(4) requires the staff judge advocate to state whether corrective action on the findings or sentence should be taken when the defense clemency submission alleges legal error. Such response "may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required." *Id*.

Where the thrust of the defense's clemency submission "requests the convening authority to believe the defense evidence and not the prosecution's," the defense has not alleged a legal error and "there is no requirement for the staff judge advocate to comment

further concerning the matter." *United States v. Thomas*, 26 M.J. 735, 736 (A.C.M.R. 1988); *see also United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) (questioning whether a clemency submission that asked the convening authority to review certain testimony, set aside some of the findings, and reduce the sentence alleged legal error). Here, Appellant did not raise any legal error in his clemency submission. The addendum was accurate on this issue. Appellant is not entitled to relief.

*Post-Trial Delay*

The convening authority took action 127 days after trial concluded. We review de novo an appellant's claim that he "has been denied the due process right to a speedy post-trial review and appeal." *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006).

There is a presumption of unreasonable delay when more than 120 days elapse between completion of trial and convening authority action. *Id.* at 142. Because the 127 days until action is facially unreasonable, we examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135. If we are able to conclude directly that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). Appellant asserts no prejudice resulting from the delay. Having reviewed the record, we conclude that any error was harmless and *Moreno* relief is not warranted.

Appellant's argument focuses on a request to grant relief for the post-trial delay even when there is no prejudice. Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to Appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.*

Trial concluded on 6 November 2013. The 373-page transcript was authenticated on 23 December 2013. The SJAR was signed on 11 February 2014. Appellant submitted his clemency request on 6 March 2014. The staff judge advocate completed his

addendum on 13 March 2014, and the convening authority took action on the next day. There is no explanation in the record why the SJAR was not completed until 50 days after authentication. There is also no explanation why the staff judge advocate did not prepare the addendum the same day that clemency matters were submitted so the appellate review standards could have been met. We are troubled by the government's failure to include explanations in the record of trial. "Trial counsel can ensure that the record contains an explanation for what otherwise might appear to be an unreasonable delay." *Tardif*, 57 M.J. at 225. Staff judge advocates should ensure that delays which violate *Moreno* are explained.

We have the authority to tailor an appropriate remedy without giving Appellant a windfall. *See id.* We have expressly considered whether we should reduce Appellant's sentence in any way. The delay in this case minimally exceeded standards. While there is some evidence of indifference due to the lack of an explanation for the delays, we do not find evidence of gross indifference, harm to Appellant, or harm to the institution. Based on our review of the entire record and the *Gay* factors, we conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court